FILED

2020 Mar-25  PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** _____ |
| **v.** ) | |
| ) | |
| **HUBBARD PROPERTIES, INC., DANNY LARRY, JAMES ESCOTT, CASSANDRA ALLEN, BETTY GOODMAN, SHIELA SANKS, and DOMINIC LOVE,** ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff/Petitioner Auto-Owners Insurance Company states the following as its Petition for Declaratory Judgment against Defendant Hubbard Properties, Inc.:

## I. PARTIES

1.     Auto-Owners Insurance Company is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Auto-Owners is licensed to do business in Alabama and other states.

2.     Hubbard Properties, Inc. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama.

3.     Danny Larry is an adult citizen of the State of Alabama and is over the age of 19.

4.     James Escott is an adult citizen of the State of Alabama and is over the age of 19.

5.     Cassandra Allen is an adult citizen of the State of Alabama and is over the age of 19.

6.     Betty Goodman is an adult citizen of the State of Alabama and is over the age of 19.

7.     Shiela Sanks is an adult citizen of the State of Alabama and is over the age of 19.

8.     Dominic Love is an adult citizen of the State of Alabama and is over the age of 19.

## II.  JURISDICTION AND VENUE

9.     This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of rights and obligations of Auto-Owners under the Businessowners Policy, policy no. 90-098-537-01, issued to Hubbard Properties, Inc. for the policy period June 20, 2018 to June 20, 2019 ("the Policy").

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the plaintiff's citizenship is different from the citizenship of the defendants and

because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as shown below.

11.    Venue is proper under 28 U.S.C. § 1391(b), because the Policy was issued to Hubbard Properties, Inc. in Birmingham, Alabama. Hubbard Properties, Inc.'s main office is in Jefferson County, Alabama. The underlying action styled *Danny Larry, et al., v. Hubbard Properties, Inc., et al.*, Civil Action No. 01-CV-2019-903088.00 (the "Underlying Action"), is venued in the Circuit Court of Jefferson County, Alabama, Birmingham Division.

### III.  STATEMENTS OF FACTS

**A.    Underlying Action**

12.    Auto-Owners seeks a declaration of its rights and obligations (if any) to defend and/or indemnify Hubbard Properties, Inc. in connection with the Underlying Action.

13.    Danny Larry, James Escott, Cassandra Allen, Betty Goodman, Shiela Sanks, and Dominic Love (collectively, the "Underlying Plaintiffs") first filed the Underlying Action against Eagle View Apartments, LLC on July 9th, 2019. The Complaint is attached as Exhibit A.

14.    The Underlying Action generally arises out of a fire that occurred at an apartment complex.

15.    The following are the general allegations in the Complaint:

3.  On or about the 28th day of March, 2019, a fire started in one building of the Eagle View Apartments in Birmingham, and burned or otherwise damaged the Plaintiffs' apartments; the fire was successfully extinguished by the Birmingham Fire Department.

4.  All of the Plaintiffs escaped the building and no one was physically injured.

5.  All Plaintiffs lost personal property in the fire, for a total value of, to wit: Seventy Five Thousand and no/00 Dollars ($75,000).

6.  When each Plaintiff signed the lease for their apartment, they were presented with what was titled "Indemnification addendum," which was an addendum to the lease.

7.  The Addendum was very confusingly worded but seemed to have something to do with a requirement to purchase an insurance policy for the coverage of the Plaintiffs' personal property. The Addendum specified that the Plaintiffs were not "the insured," but said that their personal property would be covered. The cost of the "Insurance" was $10.00 per month and was required as "additional rent." Under the terms of their lease, the only way to avoid paying the $10.00 per month insurance premium was to purchase individual personal property insurance from an outside insurance carrier. Each Plaintiff paid the premium as a part of their rent for the entire time they were tenants at the Defendant's apartments.

8.  Following the fire, the Plaintiffs were told by the Defendant that there was no insurance covering their personal property, and were denied the right to examine the policy to determine coverage for themselves.

Exhibit A.

16.     On October 17, 2019, Underlying Plaintiffs filed an Amended Complaint adding Eagle View Multi-Family Partners, LLC and Hubbard Properties, Inc. The Amended Complaint is Attached as Exhibit B.

17.     In the Amended Complaint, Underlying Plaintiffs make the following allegation against Hubbard Properties, Inc.:

> 5. (10) For many years, [Hubbard Properties, Inc.] owned the Eagle View Apartments which are the subject of this complaint, and collected the mandatory $10.00 per month insurance premium from each Plaintiff, allowing the Plaintiffs to believe that their household goods and furnishings were covered by insurance. After the fire occurred, Plaintiffs were informed that there was no coverage for their property, and it became evident that the so-called "Insurance policy" was actually a sham, and did not actually cover any of the Plaintiffs' goods.

Exhibit B.

18.     Underlying Plaintiffs adopt the following allegations contained in the Complaint, and re-allege them against Hubbard Properties, Inc. (Amended Compl. at ¶ 6):

### COUNT ONE: Bad Faith

> 11. The Plaintiffs paid $10.00 per month for some type of insurance policy which they were informed and which could reasonably be interpreted to be insurance on their personal property kept in their apartments, payable to the Defendant in the event of loss.
>
> 12. An insurance policy carriers with it a presumption of good faith and fair dealing between the insurer and the insured[.] Since the only insurance carrier mentioned

5

in the Addendum was the Defendant, the carrier was ostensibly the Defendant, and the good faith and fair dealing responsibility falls on that entity.

13. When the fire destroyed the Plaintiffs' goods, the Defendant told the Plaintiffs that there was no insurance, yet Defendant had been collecting the premiums for many months or years.

14. By collecting the premiums and then unreasonably failing to provide the coverage explained is a breach of the fair dealing and good faith required by law. Due to this breach of duty, the Plaintiffs were caused to lose the value of their personal property[,] and were financially unable to find other housing and replace their personal property lost in the fire.

*See* Exhibit B at ¶ 6, adopting the numbered paragraphs from Exhibit A.

19. As a result of this alleged conduct, Underlying Plaintiffs say they "were caused to lose the value of their personal property[,] and were financially unable to find other housing and replace their personal property lost in the fire." Exhibit A at ¶ 14.  The value of the personal property is $75,000. Exhibit A at ¶ 5. Underlying Plaintiffs also request punitive damages. Exhibit A at ¶ 4. Therefore, the amount in controversy is over $75,000.

**B.     The Policy**

20. Auto-Owners issued the Policy to Hubbard Properties, Inc. A copy of the Policy is attached as Exhibit C.

21. The pertinent provisions of the Policy are as follows:

**AMENDMENT   OF   LIABILITY   INSURANCE AGREEMENT - KNOWN INJURY OR DAMAGE**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS LIABILITY COVERAGE FORM

It is agreed:

Under **A. COVERAGES, 1. Business Liability**, is deleted and replaced by the following:

    **1. Business Liability.**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . . .

Form 54244 at 1.

**BUSINESSOWNERS   LIABILITY   COVERAGE FORM**

. . . .

**B. EXCLUSIONS**

    **1. Applicable to Business Liability Coverage -**

        This insurance does not apply to:

        **a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . . .

BP 00 06 01 87 at 2-3.

### F. LIABILITY AND MEDICAL EXPENSES DEFINITIONS

1. **"Advertising Injury"** means injury arising out of one or more of the following offenses:

   a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   b. Oral or written publication of material that violates a person's right of privacy;

   c. Misappropriation of advertising ideals or styles of doing business; or

   d. Infringement of copyright, title or slogan.

   . . . .

3. **"Bodily Injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   . . . .

9. **"Occurrence"** means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

10. **"Personal Injury"** means injury, other than "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;

   d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

> **e.** Oral or written publication of material that violates a person's right of privacy.
>
> . . . .
>
> **12.** **"Property damage"** means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property; or
>
> **b.** Loss of use of tangible property that is not physically injured.
>
> . . . .

BP 00 06 01 87 at 11, 13, 14.

22.    The Policy has additional terms, conditions and exclusions which may apply to the rights and obligations of the parties in connection with the Underlying Action and the full terms of the Policy are incorporated herein by reference.

## C.    Dispute of the Parties

23.    A real justiciable dispute exists between the parties as to the defense and coverage obligations, if any, of Auto-Owners under the Policy.

## IV.  <u>CAUSES OF ACTION</u>

### COUNT I—Declaration of No Coverage Because No Bodily Injury or Property Damage Is Alleged Against Hubbard Properties, Inc.

24.    Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

25.    The Policy provides liability coverage for "bodily injury" and "property damage," caused by an "occurrence."

9

26.     The Underlying Action does not allege Hubbard Properties, Inc. caused any bodily injury or property damage as defined by the Policy. Instead, the Underlying Action alleges bodily injury caused by the conduct of other defendants and economic damages.

27.     Therefore, Auto-Owners is not obligated to defend or indemnify Hubbard Properties, Inc.

### COUNT II—Declaration of No Coverage Because No Personal Injury or Advertising Injury Is Alleged Against Hubbard Properties, Inc.

28.     Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

29.     The Underlying Action does not plead personal injury or advertising injury as defined by the Policy.

30.     Therefore, Auto-Owners is not obligated to defend or indemnify Hubbard Properties, Inc.

### COUNT III—Declaration of No Coverage Because No Occurrence Is Alleged

31.     Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

32.     The Policy provides liability coverage for "bodily injury" and "property damage," caused by an "occurrence." "Occurrence" is defined as an "accident."

33.    The Underlying Action does not allege an occurrence. It does not allege any unintended or unforeseen events. It does not allege an accident.

34.    Therefore, Auto-Owners is not obligated to defend or indemnify Hubbard Properties, Inc.

### COUNT IV—Declaration of No Coverage Because the Expected or Intended Injuries Exclusion Applies

35.    Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

36.    Underlying Plaintiffs allege Hubbard Properties, Inc. committed bad faith. The Policy excludes coverage for "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured."

37.    Therefore, Auto-Owners is not obligated to defend or indemnify Hubbard Properties, Inc.

### V.  **PRAYER FOR RELIEF**

WHEREFORE, Auto-Owners respectfully requests this Court declare and adjudge the Controversy as follows:

38.    Declare there is no coverage under the Policy for the claims asserted against Hubbard Properties, Inc. in the Underlying Action;

39.    Declare there is no coverage under the Policy for Underlying Plaintiffs' damages, if any, arising from the matters asserted in the Underlying Action; and,

11

40.     Grant any other relief that the Court deems just and equitable under the circumstances.

Dated: March 25, 2020.                          RESPECTFULLY SUBMITTED,

                                                _____
                                                Brian C. Richardson
                                                (ASB-5241-H14U)
                                                Murray S. Flint
                                                (ASB-9164-A10Z)
                                                *Attorneys for Auto-Owners Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2404
F: (205) 244-1373
brian.richardson@swiftcurrie.com
murray.flint@swiftcurrie.com

**<u>PLAINTIFF REQUESTS DEFENDANTS BE SERVED WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:</u>**

Hubbard Properties Inc.
2275 Green Springs Highway
Birmingham, Alabama 35205-6809

Danny Larry
1624 18th Place SW
Birmingham, AL 35211

James Escott
1012 Eagle View Dr., Apt. H
Birmingham, AL 35212

Cassandra Allen
1956 18th Place N
Birmingham, AL 35234

Betty Goodman
1012 Eagle View Dr., Apt. D
Birmingham, AL 35212

Shiela Sanks
1010 Eagle View Dr., Apt. F
Birmingham, AL 35212

Dominic Love
1010 Eagle View Dr., Apt. C
Birmingham, AL 35212